UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

MAR 1 0 2006

*CLERK*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| RANDALL N. LEWCHUK,　　* <br> 　　　　　　　　　　　* <br> 　Plaintiff,　　　　* <br> 　　　　　　　　　　　* <br> 　vs.　　　　　　　　* <br> 　　　　　　　　　　　* <br> WARDEN WEBER, in his official and　* <br> unofficial capacity; G. ZIKE, P.A.;　* <br> J.P., Nurse, Health Services, Sioux Falls　* <br> Penitentiary; DR. ROGEAR;　* <br> HCMTI MANAG. CARE;　　* <br> 　　　　　　　　　　　* <br> 　Defendants.　　　* <br> 　　　　　　　　　　　* | CIV. 05-4167 <br><br> ORDER ALLOWING <br> PLAINTIFF TO AMEND <br> AND DENYING COURT <br> APPOINTED COUNSEL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, brought this action. While he does not say so, it is presumed the action is pursuant to 42 U.S.C. § 1983. Plaintiff's Motion to Proceed In Forma Pauperis was granted by separate Order on March 9, 2006. The Court has, as it must, "screened" this case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) & (2). Plaintiff is allowed until April 21, 2006 to amend his complaint. His amendment will be re-screened. If he fails to amend, his complaint will be recommended for dismissal.

## BACKGROUND

Plaintiff has named as defendants Warden Weber; G. Zike, P.A.; J.P., Nurse; Dr. Rogear; and HCMTI MANAG CARE. He claims problems in his lower back, legs, knees. arms and shoulders (Doc. 1). He contends the problems began in Nebraska and worsened after he was prevented from taking his prescribed medications. All of his many requests for relief have been denied. He has lost strength. His pain has been constant and intense. P.A. Zike has detected popping and grinding

noises in plaintiff's shoulder and has requested an MRI or an appointment with an orthopedic doctor. The requests have been denied. He has attached medical reports from 2003 which reveal "severe, unrelenting. . . leg pain." He has degenerative disk disease at two levels.. He has had four epidural injections. Neuropathic origin of his pain has not been excluded. The doctors "are at a loss" to explain his problems, but suspected it might be something toxic.

For relief he does not request money damages, but rather requests diagnosis and treatment by an orthopedic physician. He also requests cushioned tennis shoes and a bottom bunk, together with a restraining order preventing defendants G. Zike and J.P seeing and treating him.

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Liberally construed, Plaintiff's Complaint alleges a violation of the Eighth Amendment, brought pursuant to § 1983. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a § 1983 cause of action, in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state

a cause of action, the prisoner must sufficiently allege "deliberate indifference" to a prisoner's "serious illness or injury." Id., 429 U.S. at 105, 97 S.Ct. at 291. "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id.

With regard to the "deliberate indifference" requirement, the courts have made clear that mere negligence or medical malpractice is not enough. Id., 497 U.S. at 107, 97 S.Ct. at 293. Likewise, a mere disagreement with a physician's treatment decisions does not rise to the level of an Eighth Amendment violation. Id., 429 U.S. at 105-06, 97 S.Ct. at 291-92; Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981). To prevail on a claim of deliberate indifference, a plaintiff must prove: (1) he suffered objectively serious medical needs and; (2) the prison officials actually knew but deliberately disregarded those needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). To show deliberate indifference, the plaintiff must show prison officials "knew of, yet disregarded, an *excessive* risk to [his] health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997)(emphasis added, citations omitted).

Even *deliberate* indifference to some medical needs, however, does not result in a violation of the Eighth Amendment right to be free from cruel and unusual punishment. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). A "serious" medical need has been described as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention" (Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)) and as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66, 67 (2nd

3

Cir. 1994), cert. den. 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995).  Also, "only those deprivations denying the minimal civilized measures of life's 'necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Sieter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324,  115 L.Ed.2d 271 (1991) (citations omitted).

Prisoners do not have a constitutional right to any particular type of treatment.  Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).  A prisoner's difference of opinion over matters of expert medical judgment or a prescribed course of treatment does not rise to the level of a constitutional violation.  Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981).  The Eighth Circuit has also noted that a prison health care system's failure to provide treatment that is "as extensive as a private health care provider" might have offered does not rise to the level of deliberate indifference.  Logan v. Clarke, 119 F.3d 647, 650 (8th Cir. 1997).

"When an inmate alleges that the delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured by reference to the effect of the delay."  Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997)(internal punctuation and citations omitted).  "Specifically, the inmate must present verifying medical evidence that defendants ignored an acute or escalating situation or that delays adversely affected his prognosis."  Liggins v. Barnett, 2001 WL 737551 at p. 7 (S.D. Ia. 2001)(internal punctuation and citations omitted).  See also Bryan v. Endell, 141 F.3d 1290, 1291 (8th Cir. 1998)(delay in treating inmate's broken hand made surgery impractical; even though delay may have amounted to negligence, "more must be shown to establish a constitutional violation.  There must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness.").

There is no respondeat superior liability for supervisors with regard to prisoner deliberate indifference claims. "A general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Prison officials who lack medical expertise cannot be held liable for the diagnostic decisions of medical staff. Id.

Additionally, § 1983 claims may only be brought against "persons" who, under color of state law, subject others to the deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. A state and its agencies sued for monetary relief are not "persons" for purposes of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Also, unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued directly in its own name regardless of the relief sought. Kentucky v. Graham, 473 U.S. 159, 166, 167 n.14, 105 S.Ct. 3099, 3106 n. 14, 97 L.Ed.2d 114 (1985).

State officials may be sued in their official capacities, their individual capacities, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). State officials sued for monetary relief in their official capacities, however, are not "persons" subject to § 1983 liability because suits against these people in their official capacities are in reality suits against the state itself. Will, 491 U.S. at 71, 109 S.Ct. at 2312. Suits for injunctive relief against state officials in their official capacities are cognizable under § 1983 because such actions are not treated as actions against the state. Kentucky v. Graham, 473 U.S. 159, 166, 167 n.14 (1985). Unless a Plaintiff expressly states in his pleadings that his suit against a public official is in the public official's individual capacity, it will be assumed the defendant is sued only in his official capacity. Johnson, 172 F.3d at 535.

Plaintiff's complaint fails to state a claim upon which relief can be granted for several reasons. He needs to cure these deficiencies before his lawsuit can be served on the defendants. Plaintiff needs to amend his complaint to identify his medical condition more specifically, update the conditions to a time current with the time the complaint was filed, and to establish his medical conditions as currently serious. He needs to amend to establish that a defendant or defendants knew about his serious medical condition and deliberately disregarded his serious medical condition. He needs to identify specifically what act or omission was committed by each defendant personally. For example, Warden Weber is not liable just because he is the warden and has supervisory responsibilities, and the warden is not liable for compensatory damages in his official capacity—in his official capacity the suit is against the state. He needs to show who or what HCMTI MANAG. CARE is, and that it is an entity which is capable of being sued as an entity, and what act or omission was committed by HCMTI MANAG. CARE which was deliberately indifferent to plaintiff's serious medical needs. He needs to show the deliberate indifference to his serious medical needs caused an excessive risk to his health. He has to show the medical treatment which is not being provided is medically necessary, not just that plaintiff wants the treatment. He needs to show more than his own disagreement with the medical professionals about his treatment or the lack of it. In the claim for relief plaintiff has asked for equitable relief, but has not asked for money damages. It is presumed this is not an oversight, but if it is, the claim for relief needs to be corrected. His claims against some defendants for equitable relief seem improbable, e.g. against nurse J.P. and P.A. Zike to force them to arrange appointments for diagnosis and treatment when at the same time he alleged they already did, but their requests were refused by others who apparently had the authority to approve or disapprove.

Request for Court Appointed Counsel.

Plaintiff requested court appointed counsel (Doc. 6). "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Plaintiff alleges deliberate indifference to his medical needs because he has trouble with his back, shoulders, arms, legs, and knees, together with denial of his prescriptions.

This case is not legally complex. The law regarding plaintiff's Eighth Amendment claim is well-settled, and requires that plaintiff "prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quotation marks and citation omitted). The law further provides that "[d]eliberate indifference may be demonstrated by prison guards who intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Estelle v. Gamble, 429 U.S. 97, 104-06 (1976)).

Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter. The court would not benefit from the assistance of counsel at this time in the proceedings. Plaintiff, although incarcerated, is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. Considering all the relevant factors his request for court appointed counsel is DENIED.

## ORDER

Based on the above discussion, it is hereby

ORDERED that:

1.   Plaintiff's motion for appointment of counsel (Doc. 6) is denied without prejudice.

2.   Plaintiff is given until April 21, 2006, to amend his complaint to cure the deficiencies described above. The amended complaint will be re-screened. If plaintiff does not amend his complaint on or before April 21, 2006, his complaint will be recommended for dismissal.

Dated this  10  day of March, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By _____ , Deputy

(SEAL)

8